UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

TAMMY JENKINS a/k/a
TAMMY BHEMBE

    Plaintiff,

v.

RIVIERA FITNESS OF
NORTHWEST FLORIDA, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE ("Plaintiff") pursuant to 29 U.S.C. § 216(b), and Art. X, Sec. 24 of the Florida Constitution, files the following Complaint for Damages and Demand for Jury Trial against the Defendant, RIVIERA FITNESS OF NORTHWEST FLORIDA, INC. ("RIVIERA" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This action arises under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA"), and 26 U.S.C. § 7434. Defendant willfully misclassified Plaintiff to avoid federal overtime wage obligations under the FLSA. Defendant also committed state and federal minimum wage violations because it failed to properly compensate Plaintiff at least the state and federal minimum wage rates for

all regular hours that Plaintiff worked up to forty (40) in one or more workweeks. Furthermore, Defendant willfully misclassified Plaintiff as an independent contractor during the applicable statute of limitations in an effort to fraudulent underreport the total amount of wages paid to Plaintiff, which caused Plaintiff to incur additional tax obligations in violation of 26 U.S.C. 7434. Just days after Plaintiff raised these complaints to Defendant, she suffered swift retaliation in the form of reduced compensation. Plaintiff now seeks to recover all damages owed to the fullest extent of the law.

## JURISDICTION AND VENUE

2. All acts and omissions giving rise to this dispute took place within Okaloosa County, Florida, which falls within the jurisdiction of this Honorable Court.

3. Defendant, RIVIERA, is headquartered and regularly transacts business in Okaloosa County, Florida, and jurisdiction is therefore proper within the Northern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

4. Supplemental jurisdiction over Plaintiff's state law claims is properly before this Court pursuant to 28 U.S.C. § 1367(a).

5. Venue is also proper within the Northern District of Florida pursuant to 29 U.S.C. § 216(b), 26 U.S.C. § 7434 and 28 U.S.C. § 1391(b).

## PARTIES

6. During all times material hereto, Plaintiff was a resident of Okaloosa County, Florida, over the age of 18 years, and otherwise *sui juris.*

7. Defendant, RIVIERA, operates its principal location at 2500 South Ferdon Boulevard, Crestview, FL 32536.

8. During all times material hereto, Defendant, RIVIERA, was a Florida Profit Corporation and transacting business within Okaloosa County, Florida, within the jurisdiction of this Honorable Court.

9. Defendant, RIVIERA, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d) and the FMWA, during all times pertinent to the allegations herein.

## FLSA COVERAGE

10. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

11. During her employment with Defendant, the Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, pencils, pens, paper, tape, envelopes, invoices, cash, checks, masks, dumbbells, bench press barbells, benches, scales, uniforms, etc.

12. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

13. Defendant grossed or did business in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

14. During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) was an hourly employee; (iii) did not have supervisory authority over any individuals; (iv) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced or prolonged education in order to perform any of her primary duties and responsibilities.

15. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

16. Defendant is also a covered enterprise under the FMWA by virtue of the fact that it is a covered enterprise under the FLSA.

## GENERAL ALLEGATIONS

17. Defendant, RIVIERA, operates a gymnasium and fitness center in Florida at its headquarters in Okaloosa County.

18. Defendant depends on its employees, including Plaintiff, to work as personal trainers and fitness class instructors to provide services to Defendant's clients

4

at its gymnasium and fitness center located at 2500 N. Ferdon, Crestivew, Florida 32536.

19.Defendant hired Plaintiff to work in July 2012.

20.Since July 2012, Defendant has maintained control over the scope, nature, and manner in which Plaintiff performed work.

21.Since July 2012, Defendant has provided Plaintiff with the necessary equipment and tools to perform work.

22.Since July 2012, Defendant has required Plaintiff to attend regular company meetings during which specific instruction and reviews were provided by Defendant.

23.Since July 2012, Defendant has required Plaintiff and other fitness trainers to wear a required uniform and clearly specifies this policy within its employee handbook that was provided to Plaintiff:

> **DRESS CODE**
>
> Directors and Trainers need to look and act professional at all times. Your appearance is a reflection of the fitness center, as well as yourself. Uniform clothing is required and must be worn while at work. Work shirts and t-shirts are available through the regional office. Cost of the shirt varies according to type and will be deducted from your next paycheck.
>
> **Men** – RPT work shirts, pants or knee-length shorts, socks and comfortable (clean) footwear. Neat grooming (haircut and combed). Earrings and facial piercings are prohibited during working hours.
>
> **Women** – RPT work shirt, pants, or modest shorts, and comfortable (clean) footwear. Facial piercings are prohibited during working hours.
>
> Appearance dictates personal success- "*If you look good, you feel good. If you feel good, then it's all good!*"
>
> Absolutely no jeans, t-shirts (without RPT logo), hats, flip-flops, sandals, or gloves are to be worn at any time during working hours.

24. Since July 2012, Defendant has relied on the work performed by Plaintiff as an integral and essential part of Defendant's business.

25. Plaintiff's employment with Defendant has spanned nearly ten (10) years which demonstrates a substantial degree of permanency.

26. Plaintiff was initially hired by Defendant in July 2012 as: (1) an aerobics class instructor; and (2) a personal trainer.

27. As of the date of this filing, Plaintiff still works for Defendant as an aerobics class instructor and personal trainer and has therefore engaged in protected activity under the FLSA and FMWA by filing this complaint.

## Aerobics Class Instructor

28. From the beginning of Plaintiff's employment to the date of filing this complaint ("the relevant time period"), Defendant has employed Plaintiff to teach aerobics at its gymnasium and fitness facility in Crestview, Florida.

29. Defendant has compensated Plaintiff at a rate of $20.00 for each of the five (5) aerobics classes that Plaintiff taught per week in her capacity as a class instructor.

30. Defendant has therefore paid Plaintiff an average total weekly amount of $100.00 for her work as an aerobics class instructor.

## Personal Trainer

31. From the beginning of Plaintiff's employment to the date of this filing, Defendant has also employed Plaintiff to provide personal training sessions at the

same gymnasium and fitness facility in Crestview, Florida, where Plaintiff teaches aerobics classes.

32. Defendant provides the necessary equipment and tools required for Plaintiff to perform the personal training duties and responsibilities.

33. Defendant assigns Plaintiff clients to train.

34. Defendant has misclassified and compensated Plaintiff as an independent contractor (instead of employee) for work performed in connection to the personal trainer duties and responsibilities. However, Defendant has classified and compensated Plaintiff as an employee (instead of independent contractor) for work performed in connection to the aerobics class instructor duties and responsibilities.

35. From the beginning of Plaintiff's employment to the date of this filing, Defendant has paid Plaintiff a total weekly amount of $150.00 for any and all work performed by Plaintiff as a personal trainer.

36. Therefore, Plaintiff's total remuneration for all work performed for the benefit of the Defendant in a single workweek is equal to $250.00, notwithstanding the total amount of hours Plaintiff actually works.

37. Plaintiff regularly worked for the Defendant for a minimum of forty (40) hours per week.

38. Therefore, in one or more workweeks, Defendant did not pay Plaintiff the federal or state minimum wage for all regular hours that Plaintiff worked up to forty (40) hours in a week.

39. Plaintiff worked for Defendant in excess of forty (40) hours in one or more workweeks during the relevant time period.

40. In one or more workweeks during the relevant time period, Defendant did not pay Plaintiff federal overtime wages for work performed in excess of forty (40) hours.

41. Defendant was expressly aware of the work performed by Plaintiff, but nevertheless refused to lawfully compensate Plaintiff for all of the work that she performed.

42. Plaintiff requested several times for Defendant to pay her for the work that she performed during the relevant time period; however, Defendants refused to issue payment of her hard-earned wages.

43. On or about August 1, 2022, Plaintiff served Defendant with a written notice of her intent to pursue claims under the Florida Minimum Wage Act pursuant to Fla. Stat. § 448.110(6).

44. Notwithstanding its receipt of this notice, Defendant still has not issued payment to Plaintiff for all of the work that Plaintiff performed during the relevant time period.

45. Within days of Defendant receiving the aforementioned written notice from the undersigned counsel, Defendant retaliated against Plaintiff by significantly reducing the number of clients assigned to her each week from five (5) to only two (2) or three (3) which directly reduced the compensation she received from Defendant.

46. Defendant's unilateral decision to reduce the number of clients Plaintiff trains further demonstrates the scope of control that Defendant maintains over Plaintiff and the work she performs.

47. Defendant cannot articulate any non-discriminatory reason for reducing Plaintiff's number of clients.

48. Any such non-discriminatory justification provided by Defendant is pretextual.

49. Because of Plaintiff's misclassification as an independent contractor for the past ten (10) years, Plaintiff has been issued a Form MISC 1099 from Defendant and has been required to pay the entirety of her own social security and withholding taxes applicable to her earnings as a personal trainer during the relevant time period.

50. Defendant therefore willfully issued fraudulent annual tax forms to the Plaintiff which have caused Plaintiff damages.

51. As a result of Defendant's intentional and willful failure to comply with the FLSA, Florida Minimum Wage Act, and 26 U.S.C. 7434, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS

52. Plaintiff hereby re-alleges and re-avers the allegations set forth within paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

54. During the relevant time period, the federal minimum wage for non-exempt employees was $7.25.

55. Defendant failed to pay Plaintiff the applicable federal minimum wage for all hours that she worked up to forty (40) during one or more of her weeks of employment.

56. Plaintiff therefore claims the federal minimum wage for all of the unpaid hours up to forty (40) that she worked during one or more of her weeks of employment.

57. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal minimum wages as required by the FLSA, as Defendant knew or should have known of the FLSA's minimum wage requirements and failed to comply them.

58. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

59. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, RIVIERA FITNESS OF NORTHWEST FLORIDA, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the

Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLORIDA MINIMUM WAGE VIOLATIONS

60. Plaintiff hereby re-alleges and re-avers the allegations set forth within paragraphs 1 through 51 as though fully set forth herein.

61. Plaintiff was entitled to be paid at least the Florida Minimum Wage for each hour worked during her employment with the Defendant.

62. In 2017, the Florida minimum wage was $8.10.

63. In 2018, the Florida minimum wage was $8.25.

64. In 2019, the Florida minimum wage was $8.46.

65. In 2020, the Florida minimum wage was $8.56.

66. In 2021, the Florida minimum wage was $8.65.

67. In 2022, the Florida minimum wage was $10.00.

68. Defendant did not pay Plaintiff the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution, during one (1) or more workweeks during her employment period.

69. Defendant's failure to comply with the minimum wage requirements of the Florida Constitution and the FMWA was willful and/or intentional.

70. Although any prerequisites to institute actions for Florida Minimum Wages are unconstitutional, Plaintiff has nevertheless complied with all statutory prerequisites to bringing this claim.

71. Specifically, on or about June 22, 2022, Plaintiff served the Defendant with a written notice pursuant to Fla. Stat. § 448.110.

72. More than 15 calendar days have elapsed since Plaintiff served her written notice on the Defendant, and the Defendant failed to cure any Florida Minimum Wage violations within the statutory time period.

73. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

74. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage and an equal amount as liquidated damages.

75. Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.08.

WHEREFORE, Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, RIVIERA FITNESS OF NORTHWEST FLORIDA, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant, pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.08; (d) injunctive relief pursuant to Article X, Section 24(e) of the Florida Constitution, and; any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT III – FEDERAL OVERTIME WAGE VIOLATIONS

76. Plaintiff hereby re-alleges and re-avers the allegations set forth within paragraphs 1 through 51 as though fully set forth herein.

77. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

78. Defendant refused to pay Plaintiff one-and-one-half times the applicable minimum wage for certain hours that the Plaintiff worked in excess of forty (40) hours in one or more weeks of her employment with the Defendant.

79. Plaintiff therefore claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that she worked during her employment.

80. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

81. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

82. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, RIVIERA FITNESS OF NORTHWEST FLORIDA, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages

to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT IV – VIOLATION OF 26 U.S.C. § 7434

83. Plaintiff hereby re-alleges and re-avers the allegations set forth within paragraphs 1 through 51 as though set forth fully herein.

84. Pursuant to 26 U.S.C. § 7434(a), "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

85. During the time period in which Defendant has employed Plaintiff, the Defendant improperly classified Plaintiff as an independent contractor rather than an employee so that Defendant could intentionally avoid complying with federal and state laws including, but not limited to, the requirement to pay federal payroll taxes and state unemployment taxes for all of the compensation paid to Plaintiff for the work she performed.

86. Defendant willfully issued Plaintiff a Form 1099-MISC during her employment in 2016, 2017, 2018, 2019, 2020, and 2021, even though the economic realities of the employment relationship demonstrate that Plaintiff was an employee and **not** an independent contractor.

87. The Form 1099-MISC issued by Defendant constitutes a fraudulent information.

88. Defendant also willfully issued Plaintiff a Form W-2 during her employment in 2016, 2017, 2018, 2019, 2020, and 2021, which intentionally and fraudulently contained the incorrect total amount of wages paid to Plaintiff for the work she performed.

89. The Form W-2 issued by Defendant constitutes a fraudulent information.

90. Defendant willfully filed these fraudulent information returns with respect to Plaintiff's compensation during her employment in bad faith so that they could avoid the imposition of additional taxation.

91. As a result of Defendant's conduct, Plaintiff has incurred additional taxes that should otherwise have been paid by Defendant.

92. Plaintiff is accordingly owed the greater of $5,000.00 or the sum of actual damages sustained by Defendant's unlawful conduct, in each of the past 5 years.

93. Plaintiff has retained the undersigned counsel to prosecute these claims and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE, demands judgment against Defendant, RIVIERA FITNESS OF NORTHWEST FLORIDA, INC., and respectfully requests that she be awarded the following relief: (a) damages to be paid by the Defendant; (b) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT V – FLSA RETALIATION

94. Plaintiff hereby re-alleges and re-avers the allegations set forth within paragraphs 1 through 51 as though fully set forth herein.

95. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

96. Plaintiff had a 10-year history of excellent work performance during all time periods relevant to her employment with Defendant.

97. On or about August 1, 2022, Plaintiff submitted written complaints to Defendant in which she claimed to be owed federal overtime wages under the FLSA.

98. Plaintiff's counsel warned Defendant that any retaliation taken against Plaintiff would result in a retaliation claim being pursued under the FLSA.

99. Notwithstanding this dire warning, in direct response to receiving these complaints concerning Plaintiff's entitlement to federal overtime wages under the FLSA, Defendant retaliated against Plaintiff by reducing the number of clients assigned to her, thus reducing the total compensation that Plaintiff receives on a weekly basis.

100. A direct causal relationship exists between Plaintiff asserting her rights under the FLSA and the abrupt reduction to her work schedule and compensation just days after Defendant was made aware of these complaints.

101. Any other justification for this reduction cited by Defendant is mere pretext in an attempt to cover-up the true intention behind its action.

102. As a direct result of Defendant's conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation, emotional distress, and has otherwise been damaged in amount to be proven at trial.

103. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, RIVIERA FITNESS OF NORTHWEST FLORIDA, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, TAMMY JENKINS a/k/a TAMMY BHEMBE, requests and demands a trial by jury on all appropriate claims.

**Dated: August 16, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 16, 2022.

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**